IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONYA YVETTE COVEY,

        Plaintiff,

    vs.

THE STATE OF CALIFORNIA;
SACRAMENTO COUNTY;
WOODLAND COUNTY;

        Defendants.

No. 2:13-cv-1316-JAM-EFB PS

ORDER

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

      Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

      Plaintiff's complaint alleges that the State of California has not helped plaintiff resolve any issues that she has complained about, and that she has "not been protected as a resident here in Sacramento, California." *Id.* She further contends that she was "beaten up at Sacramento County jail"; however, she does not allege who beat her up or how any of the named defendants are connected to that incident. *Id.* She alleges that her DNA was taken against her will by the California Highway Patrol and the Sacramento Sheriff, and that since then, her identity has been stolen. *Id.* Additionally, she alleges that she has "suffered in Woodland, California almost dying because of negligence of the Woodland County Sheriff"; again, however, she does not allege any facts underlying that purported negligence. *Id.* She contends that she went to Senator Barbara Boxer's office twice "to get a Congressional resolution," but there is "still no resolution and [Senator Boxer's] office has not contacted [plaintiff]." *Id.* According to plaintiff, her civil rights have been violated "over and over by the State of California, and no resolution." *Id.*

      The complaint as drafted does not establish that this court has subject matter jurisdiction over plaintiff's claim(s). The complaint does not allege any specific claims for relief. Nor does it allege any facts that would state a claim against a named defendant that is plausible on its face. *See generally* Compl., Dckt. No. 1. Additionally, to the extent plaintiff's claims against the

////

////

3

State of California, Sacramento County, and Woodland County[1] are brought under 42 U.S.C. § 1983, those claims fail for the following additional reasons.

To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that although municipalities may be held liable as "persons" under 42 U.S.C. § 1983, they may not be held liable for the unconstitutional acts of its employees solely on a respondeat superior theory. 436 U.S. at 691. Rather, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Here, plaintiff's complaint does not include any allegations that would support *Monell* liability against the County of Sacramento or the County of Woodland.

Additionally, although "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989). Here, it appears the State of California is immune from liability on plaintiff's § 1983 claims.[2]

---

[1] Although plaintiff's proof of service also lists "Governor E. Brown, Barbara Boxer, Sac. Calif. Sheriff Dept., [and] Woodland Sheriff Dept.," her complaint states that it is brought against the State of California and Sacramento and Woodland counties. Dckt. No. 1 at 1. Also, plaintiff's civil cover sheet only lists the State of California and Sacramento County as defendants. Dckt. No. 1-1. Nonetheless, plaintiff has not stated a proper claim against any of those defendants.

[2] Plaintiff has not named any state defendants in their individual capacities and she does not appear to be seeking any prospective injunctive relief. *See Hafer v. Melo,* 502 U.S. 21, 30

Therefore, plaintiff's complaint must be dismissed. However, plaintiff is granted leave to file an amended complaint, if she allege a basis for this court's jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

---

(1991).

may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  July 11, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6